**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANITA DAISY SCOTT,

Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,

Respondent.

No. 96-2188

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-795-426)

Submitted: October 28, 1997

Decided: November 21, 1997

Before NIEMEYER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Harnam S. Arneja, ARNEJA'S LAW OFFICES, Washington, D.C.,
for Petitioner. Mark C. Walters, Assistant Director, Ann Varnon
Crowley, Office of Immigration Litigation, Civil Division, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anita Daisy Scott petitions for review of an order of the Board of Immigration Appeals ("the Board") denying her application for asylum and withholding of deportation but granting voluntary departure. Because substantial evidence supports the Board's decision, we affirm.

Scott, a native and citizen of Sierra Leone, entered the United States as a visitor in 1991. Since she has overstayed her visa, Scott concedes her deportability. Following a hearing, an Immigration Judge denied Scott's petitions for asylum and withholding of deportation but granted her application for voluntary departure. The Board reviewed the claims and dismissed her appeal. Scott timely petitions this court for review of the Board's order.

In her petition, Scott alleges that her family has suffered past persecution and that she has a genuine, well-founded fear that if she returns to Sierra Leone her life will be in danger because of her family's political activities. She alleges that her family was highly active for ten years in the APC party, which controlled the government of Sierra Leone, until a new regime took control in 1992. She maintains that after her father voiced his political opinions in 1994, he was harassed by unknown soldiers. Of the other family members who were politically active, a cousin (a permanent secretary to the Ministry of Agriculture) died mysteriously and may have been murdered; another cousin (treasurer of the APC youth organization) was raped by a gang of soldiers; and another cousin's husband (a party member) was arrested, detained for two months, interrogated, and beaten by police. Scott also notes several other incidents during the 1980's when there was political unrest in Sierra Leone. Scott fears that if she returns to Sierra Leone, she will be raped, tortured, or unlawfully imprisoned due to her parents' political associations.

2

An alien qualifies for asylum if she is unable or unwilling to return to the country of her nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1997). In order to demonstrate a well-founded fear of persecution, the alien must show that a reasonable person in the circumstances would fear persecution and that such fear is based in reality, confirmed by concrete facts. Huaman-Corneliov. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). The alien must also show that the fear of persecution stems from one of five categories of persecution; facts that indicate only fear of retribution over purely personal matters or general conditions of upheaval and unrest do not support a finding of a well-founded fear of persecution. See id. at 999-1000.

We must uphold the Board's decision if it is supported by substantial evidence from the record as a whole. See Huaman-Cornelio, 979 F.2d at 999. We reverse the Board only if the evidence "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias Zacarias , 502 U.S. 478, 483-84 (1992). In addition, we note the standard for withholding deportation is more difficult to meet than the well-founded fear standard that applies to asylum claims. See Huaman-Cornelio , 979 F.2d at 1000.

We conclude that substantial evidence supports the Board's finding that Scott failed to establish either past persecution or a well-founded fear of persecution. Scott's assertion that her parents' home was subjected to searches and other harassing acts does not establish government persecution nor do those facts alone establish that Scott herself would be persecuted by the new government after her absence of more than four years. Scott testified that the only political activity she participated in while in Sierra Leone was the youth organization. She produced no evidence, however, that the ruling government is targeting former members of that group for persecution. With respect to the misfortune that befell her cousins, her accounts fail to sufficiently demonstrate that those incidents occurred as a result of their political opinions or associations. Notwithstanding the general strife and human rights abuses in Sierra Leone, Scott simply fails to show that she would be singled out for persecution.

3

Because Scott fails to meet the burden of proof for asylum, she necessarily fails to meet the higher standard for withholding of deportation under 8 U.S.C.A. § 1253(h)(1) (West Supp. 1997). We therefore affirm the Board's ruling denying Scott asylum and withholding of deportation and granting voluntary departure. We deny Scott's motion for filing additional appendix. While we have considered the arguments raised in her reply brief, we have not considered the materials in its "Appendix." We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4